United States Court of Appeals
Fifth Circuit

**F I L E D**

March 23, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 06-60227
Summary Calendar

JAMES T. MITCHELL, JR; MATTHEW WEGHORST,

Plaintiffs-Appellants,

VERSUS

CITY OF JACKSON MISSISSIPPI; ROBERT MOORE, individually and in his official capacity as duly commissioned and appointed Police Chief of the City of Jackson, Mississippi; KENT DANIELS, individually and in his official capacity as a duly commissioned Police Officer of the City of Jackson, Mississippi; NORMAN PRESSON, individually and in his official capacity as a duly commissioned Arson Investigator of the City of Jackson, Mississippi; VERNON HUGHES, individually and in his official capacity as a duly commissioned Arson Investigator of the City of Jackson, Mississippi,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi

(3:04-CV-574)

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Appellants brought a 42 U.S.C. § 1983 claim below, alleging their Fourth and Fifth Amendment rights were violated because they were arrested and detained without probable cause. Plaintiffs also raised pendant state law claims. Appellees moved for summary judgment arguing, *inter alia*, that the undisputed facts established probable cause and that the suit was barred by qualified immunity. The district court granted Defendants' motion, finding the arrest and detention supported by probable cause and holding that, in the alternative, Appellants' claims were barred by qualified immunity.[2]

Based on our de novo review, we agree with the district court that the undisputed facts establish that probable cause existed as a matter of law. Probable cause exists when the facts and circumstances as known to the officers at the time would "warrant a prudent man [to] believe[] that the [Appellants] had committed or [were] committing an offense." *Martin v. Thomas*, 973 F.2d 449, 453 (5th Cir. 1992). It is irrelevant that the Appellants were not ultimately convicted. *See Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 754 (5th Cir. 2001).

Because we find Appellants' arrest supported by probable cause, we need not decide whether Appellees are entitled to qualified immunity. We affirm.

AFFIRMED.

---

[2]The court also dismissed Appellants' state law claims, a ruling they do not appeal.